UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

WILLIAM G. BAKER,

                Plaintiff,               **NOT FOR PUBLICATION**

   -against-                        **<u>MEMORANDUM & ORDER</u>**

221 NORTH 9 STREET CORPORATION d/b/a     08-CV-03486
CAPONE'S, MICHAEL KEARNEY, ADRIAN       (KAM) (MDG)
BILTOFT and JOHN McGILLION,


                Defendants.

---------------------------------------- X
**MATSUMOTO, United States District Judge:**

        Plaintiff William G. Baker ("plaintiff") brings this

diversity action against defendant Adrian Biltoft ("defendant"),

alleging claims of assault and/or battery and negligence arising

out of an incident in which defendant struck plaintiff in the

face with a glass object.[1]  (Doc. No. 15, Third Amended Compl.

and Demand for Jury Trial ("Compl.") ¶¶ 6, 8-12, 32-33, 35-37.)

The assault and/or battery claim against defendant has since

been dismissed as time-barred, and only the negligence claim

remains.  (Doc. No. 28, Stipulation of Dismissal as to Count V

of the Third Amended Complaint ("Stipulation").)  Defendant

moves for summary judgment, pursuant to Federal Rule of Civil

---

[1] The other defendants in the case, John McGillion, Michael Kearney, and 221
North 9 Street Corporation d/b/a/ Capone's have defaulted and do not join in
the present motion.  (Doc. No. 22-24, Entries of Default as to John
McGillion, Michael Kearney, and 221 North 9, Street Corporation.)

Procedure 56(b), arguing that, based on the undisputed facts, plaintiff's only viable cause of action is a claim for assault and/or battery, which has been dismissed, and that there is no set of facts that would satisfy the elements of a negligence claim. (Doc No. 55-56, Def.'s Mem. of Law ("Def.'s Mem.") at 5.) For the following reasons, defendant's motion for summary judgment is denied.

**BACKGROUND**[2]

## I.    The Incident

On the evening of May 25, 2005, plaintiff and defendant were involved in an altercation at Capone's, a bar in Brooklyn, New York. (Def.'s 56.1 Statement of Material Facts ("Def.'s 56.1") ¶¶ 1, 4, 7; Pl.'s 56.1 Statement of Material Facts ("Pl.'s 56.1") ¶¶ 1, 4, 7.) Both parties had been drinking. (Def.'s 56.1 ¶ 4; Pl.'s 56.1 ¶ 4; Affirmation in Supp., Ex. E, Def.'s Resp. to Interrogs.[3] ("Def.'s Resp. to

---

[2] The following facts, taken from the parties' statements pursuant to Local Civil Rule 56.1, are undisputed unless otherwise indicated. References to paragraphs of the parties' 56.1 statements include materials cited therein and annexed thereto.

[3] Defendant submits, and both parties cite to, Defendant's Supplemental Responses to Plaintiff's Interrogatories. (Doc. No. 53-54, Affirmation in Supp., Ex. F, Def.'s Supplemental Resp. to Interrogs. ("Def.'s Supplemental Resp. to Interrogs."), No. 3.) However, Defendant's Supplemental Responses to Plaintiff's Interrogatories was neither sworn to nor signed by the defendant, as required by Federal Rule of Civil Procedure 33. Thus, Defendant's Supplemental Responses to Plaintiff's Interrogatories are not admissible evidence and cannot be considered by the court on the defendant's motion for summary judgment. *See, e.g.*, *Universal Calvary Church v. City of New York*, No. 96-CV-4606, 2000 WL 1538019, at *44 n.46 (S.D.N.Y. Oct. 17, 2000) (declining to consider plaintiff's unsigned answers to interrogatories on motion for summary judgment). However, as will be discussed, defendant's

Interrogs."), No. 5; Ex. D, Pl.'s Resp. to Interrogs. ("Pl.'s

Resp. to Interrogs."), No. 3.) At some point during the night,

defendant pointed at plaintiff. (Def.'s 56.1 ¶ 5; Pl.'s 56.1

¶ 5.) Plaintiff subsequently approached defendant and asked him

what his "problem" was. (Def.'s 56.1 ¶ 7; Pl.'s 56.1 ¶ 7;

Affirmation in Supp., Ex. H, Pl.'s Dep. ("Pl.'s Dep.") at 90.)

Defendant was holding a pint glass in his right hand at the

time. (Def.'s 56.1 ¶ 6; Pl.'s 56.1 ¶ 6.) Thereafter, the

parties' versions of the events diverge.

According to the defendant in his sworn initial

responses to plaintiff's interrogatories, dated before the

dismissal of plaintiff's assault and/or battery claim, "in

response to a sudden, unprovoked attack by the plaintiff . . .

in self-defense," he "reflexively struck the plaintiff with a

pint glass I was holding."[4] (Def.'s Resp. to Interrogs., No. 3.)

---

statement that he "reflexively" struck plaintiff with the pint glass "in
self-defense" is contained in defendant's signed and sworn initial Response
to Plaintiff's Interrogatories, in addition to Defendant's Supplemental
Responses to Plaintiff's Interrogatories. Thus, the exclusion of the
Supplemental Responses to Plaintiff's Interrogatories does not change the
facts relied upon by the court in its determination.

[4] Plaintiff repeatedly points to defendant's sworn and unsworn responses to
plaintiff's interrogatories, both dated before the dismissal of plaintiff's
assault and/or battery claim, that defendant "reflexively" struck plaintiff
with the pint glass "in self-defense" as the centerpiece of plaintiff's
argument that there is a disputed issue of fact surrounding defendant's
actions and that a reasonable jury could find defendant liable for
negligence. (Pl.'s Mem. at 1-2 (quoting Def.'s Supplemental Resp. to
Interrogs., No. 3); Def.'s Resp. to Interrogs., No. 3.)

In defendant's deposition, taken after the assault and/or battery claim against him was dismissed, he further testified:

    A.    . . . I was standing next to [plaintiff], shoulder to
          shoulder.  And I felt a shove from him on my right
          side.
    Q.    But you did not see him do that?
    A:    I guess you could say I didn't exactly see him do it.
    Q:    Then what happened?
    A:    And then he proceeded to tackle me and take me to the
          floor.
    Q:    Did you have something in your hand at the time?
    A:    Yes.
    Q:    What did you have in your hand?
    A:    A beer glass.
    . . .
    A.    . . . Anyway, he shoved me to the point I landed on my
          back, and he was on me.
    Q.    You fell back, you fell onto your back?
    A.    Yes.
    Q.    You held onto your pint glass?
    A.    I guess so, yes.
    Q.    And then you struck him on the head with it?  Did I
          sum it up?
    A.    Well, during some point after being shoved and being
          on my back, I was -- we were punching each other.
    . . .
    A.    . . . Between him shoving me and me landing on the
          ground, evidently, I was hitting him and struck him
          with the glass.
    . . .
    A.    It was a split-second event.  I landed on my back with
          him on top of me.  We were both punching each other
          and the Plaintiff was pulled off of me.
    . . .
    Q.    Did you strike my client with anything else other than
          the glass?
    . . .
    A.    I recall when he was on me that I was attempting to
          hit him with my fist.

(Affirmation in Supp., Ex. G, Def.'s Dep. ("Def.'s Dep.") at 42-43, 45, 54-55.)

On the other hand, plaintiff denied making any physical contact with defendant at any point during their altercation, and avers that he was blindsided from behind by the pint glass. (Pl.'s 56.1 ¶ 11; Pl.'s Resp. to Interrogs., No. 3; Pl.'s Dep. at 103, 115-116.) Specifically, in his sworn response to defendant's interrogatories, plaintiff stated, "I recall that words were exchanged between my group and the [defendant's] group. I then recall being hit from behind and I was knocked unconscious." (Pl.'s Resp. to Interrogs., No. 3.) Furthermore, in his deposition, plaintiff testified:

> Q. Were you standing face-to-face with [defendant] when he hit you with a pint glass?
> A. I don't know. At that point I was blindsided and I don't know what position he came at me with the pint glass.
> . . .
> A. I recall telling [the police] we were in a bar and I got blindsided, and I don't know what happened for a few seconds and then I was covered in blood and I ran out the door.
> . . .
> Q. Did you ever tackle [the defendant]?
> . . .
> A. No, I didn't tackle him.
> Q. Did you ever take a swing at him?
> A. No.
> Q. At any time before this incident, did you ever raise your arms in a defensive manner?
> A. I can't recall.

(Pl.'s Dep. at 103, 115-16.)

Plaintiff maintains that he did not know that it was defendant who struck him until he read the police report. (Doc. No. 61, Pl.'s Aff. ("Pl.'s Aff.") ¶¶ 4-6.) The parties do not

dispute that defendant is the only witness as to how the plaintiff was struck with the pint glass. (Doc. No. 59, Pl.'s Mem. of Law ("Pl.'s Mem.") at 1.) Plaintiff testified that "the way it was reported to me from all of my friends was that none of them saw [defendant] strike me." (Pl.'s Dep. at 71-72.)

As a result of being struck with the pint glass, plaintiff alleges that he suffered lacerations on his face and on his neck, requiring fifty stitches, and that he has and will continue to sustain severe emotional distress, economic losses and other damages and will require "unnecessary future surgery." (Pl.'s Dep. at 116-17; Compl. ¶¶ 11, 12, 37.) For these injuries, plaintiff alleges that he is entitled to at least $75,000 in compensatory damages. (Compl. ¶¶ 6, 16, 25.)

## II. The Causes of Action

In plaintiff's Third Amended Complaint, he brings both a negligence claim and an assault and/or battery claim against defendant due to the incident.[5] Specifically, the negligence claim alleges that: (1) defendant "had a duty to [plaintiff] to act with reasonable care to avoid striking and/or injuring [plaintiff];" (2) "[d]efendant breached his duty to [plaintiff] by failing to act with reasonable care, and striking [plaintiff] with a glass bottle or other glass object;" and (3) that

---

[5] Plaintiff maintains that he initially brought both a negligence and assault and/or battery claim because he did not see defendant hit him with the pint glass and thus did not know whether a negligent or intentional act had occurred. (Pl.'s Mem. at 3-4.)

defendant's wrongful conduct directly and proximately caused plaintiff's injuries. (Compl. ¶¶ 35-37.) The assault and/or battery claim alleges that defendant "intentionally, and without consent, struck [him] with a glass bottle or other glass object." (*Id.* at ¶ 32.) Plaintiff has since dismissed the assault and/or battery claim against defendant as the statute of limitations for that claim has run. (*See* Stipulation.) Thus, only the negligence claim remains against defendant.

## DISCUSSION

### I. Summary Judgment Standard

"Summary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict." *United Nat'l Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 355 (2d Cir. 1993). To prevail on a motion for summary judgment, the moving party must show that there is no genuine, triable issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); Fed. R. Civ. P. 56(c)(2). A fact is considered material "if it 'might affect the outcome of the suit under the governing law,'" and an issue of fact is a genuine one where "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Holtz v. Rockefeller & Co. Inc.*, 258 F.3d 62, 69 (2d Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving

party may discharge its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case on an issue for which the non-moving party bears the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

The burden then shifts to the non-moving party. In order to defeat a motion for summary judgment, the non-moving party "may not rely on mere conclusory allegations [or] speculation" in demonstrating the existence of a genuine, triable issue of material fact. *Golden Pac. Bancorp. v. FDIC*, 375 F.3d 196, 200 (2d Cir. 2004) (citation omitted). Instead, the non-moving party "must come forth with evidence sufficient to allow a reasonable jury to find in [his] favor." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (citation omitted).

In considering a summary judgment motion, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *Amnesty America v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2007) (citation omitted).

## II. The Parties' Arguments

### A. Defendant's Arguments

Defendant argues that the undisputed material facts establish that he is entitled to summary judgment on plaintiff's negligence claim. (Def.'s Mem. at 5.) Specifically, defendant argues that the undisputed facts - that defendant pointed at

plaintiff, that plaintiff approached defendant in response to the pointing, and that at some point thereafter, plaintiff was hit with a glass object defendant was holding - establish that plaintiff's cause of action is founded solely in assault and/or battery, which requires intent, and that there is no set of facts that would support plaintiff's negligence claim. (*Id.* at 6-7.) Defendant bolsters this argument by pointing to his admission that he punched plaintiff and hit him with the glass, and stating that this admission is sufficient to establish intentional conduct. (*Id.* at 10; *see* Def.'s Dep. at 54-55 (Q. "Did you strike my client with anything other than the glass?" . . . A. "I recall when he was on me that I was attempting to hit him with my fist."); *see also* Def.'s Resp. to Interrogs., No. 3 ("[I]n response to a sudden, unprovoked attack by the plaintiff . . . in self-defense I reflexively struck the plaintiff with a pint glass I was holding.") Defendant further argues that his testimony that he acted in self-defense defeats plaintiff's negligence claim because self-defense presupposes intent and is a defense to the intentional tort of battery.[6] (Doc. No. 63, Def.'s Reply Affirmation ("Def.'s Reply") ¶¶ 19-21 (citing the Restatement (Second) of Torts §§ 63-76 & N.Y. Pattern Jury Instructions – Civil, Vol. 2 at 7).)

---

[6] Defendant did not assert self-defense as an affirmative defense in his Answer. (*See* Doc. No. 16, Def.'s Answer to Am. Compl.)

Consequently, defendant argues he would still be liable for assault and/or battery as opposed to negligence even if he did not intend to injure plaintiff, because he intended to and did engage in offensive bodily contact with plaintiff. (Def.'s Mem. at 11-12.) Defendant supports his argument by citing New York's adoption of the Restatement (Second) of Torts § 16(1) (1965),[7] which states that if a defendant acts with the intention of inflicting offensive, but not harmful bodily contact, the defendant is liable for any resulting bodily harm, whether intended or not. (*Id.* at 12); *see also Trott v. Merit Dep't Store*, 484 N.Y.S.2d 827, 829 (1st Dep't 1985) (adopting the Restatement (Second) of Torts § 16(1)).

Finally, defendant argues that plaintiff is essentially bringing a "negligent assault" claim, a cause of action not recognized under New York law. *See Barraza v. Sambade*, 622 N.Y.S.2d 964, 965 (2d Dep't 1995) ("[I]t is well settled that no cause of action for negligent assault exists in New York.") (citations omitted). Defendant posits that plaintiff is bringing his negligent assault claim "in response to the fact that . . . the one year limitations period for

---

[7] "If an act is done with the intention of inflicting upon another an offensive but not a harmful bodily contact, or of putting another in apprehension of either a harmful or offensive bodily contact, and such act causes a bodily contact to the other the actor is liable to the other for a battery although the act was not done with the intention of bringing about the resulting bodily harm."  Restatement (Second) of Torts § 16(1) (1965).

intentional torts has expired." (Def.'s Mem. at 7.)  Contrary

to plaintiff's allegations of negligence, defendant asserts that

his actions "clearly meet[] the court's criteria for an

intentional act," and that plaintiff's allegation that

defendant's actions are negligent is an unsound attempt to

"exalt form over substance." (*Id.* at 9 (quoting *Schetzen v.*

*Robotsis*, 709 N.Y.S.2d 193, 194 (2d Dep't 2000).)

### B.    Plaintiff's Argument

In response, plaintiff argues there is a disputed

issue of material fact as to whether defendant struck him

intentionally or negligently, and points to defendant's own

testimony that defendant "reflexively" struck plaintiff with the

pint glass "in self-defense." (Pl.'s Mem. at 1-2; *see also*

Def.'s Resp. to Interrogs., No. 3.)  "Reflexively" striking

someone, plaintiff argues, is not an intentional act, but

instead demonstrates a complete lack of intent.[8] (Pl.'s Mem. at

2.)  Plaintiff relies on the definition of "reflexive" in

---

[8] Plaintiff contends that defendant phrased his responses to plaintiff's interrogatories to suggest that he did not intentionally strike plaintiff with the pint glass because defendant's insurance policy, which plaintiff asserts defendant has failed to provide in the course of discovery, would not cover defendant if he admitted to assault and/or battery. (Pl.'s Mem. at 2.) Plaintiff contends that now that that the assault and/or battery claim has been dismissed, it is beneficial for both defendant and his insurance company to claim defendant intentionally struck plaintiff with the pint glass. (*Id.*) Plaintiff further argues that even if defendant's phrasing of his response to interrogatories was simply legal posturing, defendant should not be entitled to summary judgment because his legal posturing created an issue of material fact. (*Id.* at 2-3.)  In response, defendant argues that "plaintiff's discussion of insurance coverage is improper, irrelevant and speculative and should not be given any consideration by this court." (Def.'s Reply ¶ 33.)

Merriam-Webster's Collegiate Dictionary, Eleventh Edition (2003) as "[c]haracterized by habitual and unthinking behavior." (*Id.*)

Plaintiff further argues that there is a disputed issue of fact as to whether defendant acted in "self-defense" because plaintiff claims that he did not tackle defendant before being struck with the pint glass. (*Id.* at 1-2.) Moreover, the court notes that the parties also dispute whether plaintiff made any physical contact with defendant prior to defendant striking plaintiff with the pint glass. (*Compare* Pl.'s Resp. to Interrogs., No. 3 *with* Def.'s Resp. to Interrogs., No. 3.)

Finally, plaintiff maintains that he is not bringing a "negligent assault" claim because "there is a dispute as to whether an intentional assault occurred" and that defendant's attempt to use the Restatement (Second) of Torts §§ 16(1) as a shield from liability is simply an attempt "to change the discussion from intentional action to intent to injure." (*Id.* at 3 & n.3 (The "issue in this case is whether the Defendant intentionally struck Mr. Baker, and not whether he intended to injure Mr. Baker.").)

## III. Analysis

There is clearly a disputed issue of fact as to whether defendant struck plaintiff with the pint glass "intentionally" or "reflexively" or in "self-defense." The question is whether, even if a jury credits plaintiff's

proffered version of the events – namely, that defendant struck plaintiff "reflexively" in "self-defense" – such conduct is a negligent act under New York law.  Thus, for the purpose of considering defendant's motion, the court will assume that defendant indeed "reflexively" struck plaintiff with a pint glass "in self-defense," regardless of whether this phrasing by defendant was simply legal posturing to avoid the subsequently dismissed assault and/or battery claim.  (Def.'s Resp. to Interrogs., No. 3.)  As required in considering a motion for summary judgment, the court views all evidence in the light most favorable to the plaintiff and draws all reasonable inferences in plaintiff's favor in this analysis.  *Amnesty*, 361 F.3d at 122.

**A.  Self-Defense**

Generally, self-defense is an admission of, and defense to, an intentional act.  *See, e.g.*, *Carp v. Marcus*, 525 N.Y.S.2d 395, 397 (3d Dep't 1988) (holding self-defense to be an affirmative defense to assault and battery).  Although plaintiff has demonstrated that there are disputed issues of material fact precluding summary judgment on whether defendant acted in "self-defense, the assault/and or battery claim is the only intentional tort alleged against defendant and has been dismissed.  Thus, the self-defense assertion by defendant in his

discovery responses but not in his Answer need not be considered.

In the instant case, however, defendant testifies seemingly inconsistently that he struck plaintiff both "reflexively" and in "self-defense." (Def.'s Resp. to Interrogs., No. 3.) As will be discussed below, because a reflexive act could be a negligent act under New York law, the court must determine whether there are disputed issues of fact as to whether defendant acted reflexively. The record before the court reveals that there are clearly issues of fact as to whether plaintiff initiated contact with defendant, thus prompting defendant's "reflexive" response, or whether plaintiff was hit from behind.[9] Indeed, the same disputed issues of fact as to whether defendant acted in self-defense are relevant to whether the defendant reacted reflexively in response to any act by the plaintiff.

---

[9] The court notes that provocation in the form of bodily contact is not necessary to trigger a reflexive action. *See, e.g.*, *Codling v. City of New York*, No. 01-CV-2884, 2002 U.S. Dist. LEXIS 16547, at *15 (S.D.N.Y. Sept. 5, 2002), *rev'd on other grounds*, 68 Fed. Appx. 227, 229 (2d Cir. 2003) (holding that a reasonable jury could find that an officer did not have probable cause to arrest a woman who claimed to have pushed a bullhorn into his face "reflexively" in "self-defense" when he positioned the bullhorn inches from her face). A jury could find that plaintiff, by approaching defendant and asking him what his "problem" was, could have triggered a reflexive reaction by defendant. Additionally, a jury could find that the position of plaintiff's hands as he approached defendant, which plaintiff admittedly does not recall, could also have triggered a reflexive reaction by defendant.

## B. Reflexive Actions

Viewing all evidence in the light most favorable to the non-moving plaintiff and drawing all reasonable inferences in his favor, *Amnesty*, 361 F.3d at 122, the court assumes that defendant committed a "reflexive act" based on his use of the word "reflexively" when testifying about his actions in striking plaintiff with a pint glass. Such an interpretation is not without precedent. *See, e.g.*, *New York Cent. Mut. Fire Ins. Co. v. Steely*, 815 N.Y.S.2d 724, 725 (2d Dep't 2006) (interpreting an action taken in reflexive self-defense to be a reflexive action). Under New York law, a "reflexive" act is an unintentional act. *See, e.g.*, *People v. Wheeler*, 652 N.Y.S.2d 59, 60 (2d Dep't 1996) (differentiating between intentional and reflexive actions, describing the latter as done "without any awareness"); *see also People v. Fernandez*, 879 N.Y.S.2d 74, 79 (1st Dep't 2009) (defining a "reflexive action" as an "unthinking action" in context of a criminal case).

Contrary to plaintiff's argument, although a "reflexive" act is always unintentional, it is not automatically "negligent." *See, e.g.*, *Dibble v. New York City Transit Auth.*, No. 116779-06, 2010 N.Y. App. Div. LEXIS 5367, at *14 (1st Dep't June 22, 2010) ("[T]he jury improperly equated negligence with possession of a motor skill that is essentially a reflex action."). Some courts have held, however, that a reasonable

jury could find a reflexive act to be negligent.  For example,

in *Steely*, the defendant claimed that he "physically struck" the

plaintiff due to a "reflex reaction," which was "triggered" by

the plaintiff assaulting him.  *Steely*, 815 N.Y.S.2d at 725.

Based on the *Steely* defendant's testimony that his actions were

reflexive, the Appellate Division found that the Supreme Court

correctly held that there were "triable issues of fact as to

whether the incident was an 'occurrence' covered by the relevant

insurance policy, specifically *whether the conduct of the*

*insured was negligent, rather than intentional*" and properly

denied plaintiff's motion for summary judgment.  *Id.* (emphasis

added); *see also Topps v. Ferraro*, 601 N.E.2d 292, 295-96 (Ill.

App. Ct. 1992) (reversing the trial court's grant of summary

judgment on plaintiff's negligence claim where defendant

testified at his deposition that he reflexively struck the

plaintiff in the face after plaintiff shoved him, holding that

an "issue of material fact existed as to the nature of

defendant's conduct as reasonable minds could find that the

defendant was negligent in hitting the plaintiff").

Accordingly, the court finds a reflexive act could be a

negligent act under New York law.

Further, in the present case, there are facts from

which a reasonable jury could find in plaintiff's favor on a

negligence claim.  Here, defendant, who is allegedly the only

witness as to how plaintiff was struck with the pint glass testified that he struck plaintiff with the pint glass "reflexively," which, as discussed, New York case law recognizes as an unintentional, and a potentially negligent act. From the testimony of the plaintiff and defendant, a reasonable jury could find that defendant had a duty to act with reasonable care and breached that duty by becoming so intoxicated that he struck plaintiff with a pint glass as a reflex given the circumstances. Further, a reasonable jury could find that that breach proximately and directly caused plaintiff's injuries. *See, e.g.*, Restatement (Second) of Torts § 283C, comment d ("A drunken man may still act in all respects as reasonably as one who is sober; and if he does so, he is not negligent. If, however, his conduct is not that of a reasonable man who is sober, his voluntary intoxication does not excuse him from liability."); *Rodak v. Fury*, 298 N.Y.S.2d 50, 53 (2d Dep't 1969) (citing Restatement (Second) of Torts § 283C, comment d and stating "[i]ntoxication in itself is not negligence as a matter of law but may be considered by the jury with the other facts in the case").

Consequently, because there is authority for the proposition that a reflexive act can be considered a negligent act under New York law, and because there are facts upon which a reasonable jury could find defendant's reflexive actions to be

negligent, there is a genuine issue of material fact requiring a trial over whether the defendant struck plaintiff negligently.

## C. Defendant's Remaining Arguments

Defendant's remaining arguments that plaintiff is attempting to bring a non-cognizable "negligent assault" claim against him, and that the Restatement (Second) of Torts § 16(1) shields him from liability under a negligence theory, are unavailing. (Def.'s Mem. at 6-12.)

Defendant argues that because his actions "clearly meet[] the court's criteria for an intentional act," plaintiff's attempt to characterize those actions as "negligent" is equivalent to raising a "negligent assault" claim. (*Id.* at 9.) Defendant's argument that plaintiff has raised a "negligent assault" claim, however, presupposes that defendant's striking of plaintiff was indeed an intentional act, the primary issue that is in dispute in this case. *See, e.g.*, *Panzella v. Burns*, 565 N.Y.S.2d 194, 195 (2d Dep't 1991) ("It is well-established that *once intentional offensive contact has been established*, the actor is liable for assault and not negligence." (emphasis added).)

As plaintiff argues, the cases cited by defendant in support of his "negligent assault" argument are distinguishable from this case because, in each of those cases, it was undisputed that the defendant engaged in intentional conduct to

harm the plaintiff. (Pl.'s Mem. at 3.) For example, in *Barraza*, 622 N.Y.S.2d at 965, it was undisputed that the defendant intentionally stabbed the plaintiff. In *Salimbene v. Merchants Mut. Ins. Co.*, 629 N.Y.S.2d 913, 916 (4th Dep't 1995), it was undisputed that one party intentionally stoned another party's vehicle. Similarly in both *Panzella*, 565 N.Y.S.2d at 195, and *Sanchez v. Wallkill Cent. Sch. Dist.*, 633 N.Y.S.2d 871, 871 (3d Dep't 1995), it was undisputed that the respective defendants intentionally punched the respective plaintiffs without testimony by defendants of reflexive acts. Likewise, in *Mazzaferro v. Albany Motel Enter.*, 515 N.Y.S.2d 631, 632 (3d Dep't 1987), it was undisputed that the defendants intentionally assaulted the plaintiff. Finally, neither *Richman v. Nussdorf*, 612 N.Y.S.2d 933 (2d Dep't 1994) nor *Schetzen*, 709 N.Y.S.2d 193, contain sufficient facts for the court to deem them applicable to and controlling in the present case.[10] Consequently, where, as here, there is a disputed issue of fact as to whether any intentional conduct took place, the court does not accept defendant's argument that plaintiff's negligence claim is, in substance, a claim for "negligent assault."

---

[10] Defendant disagrees with plaintiff's argument that *Schetzen*, 709 N.Y.S.2d 193, "contains no facts." (Def.'s Reply ¶¶ 29-30.) While the opinion summarizes the allegations and the conclusion of the court, it does not provide the facts upon which the court relied to arrive at its conclusion. *Schetzen*, 709 N.Y.S.2d at 194 ("Contrary to plaintiffs' contentions, if, based on a reading of the factual allegations, the essence of the cause of action is, as here, assault . . ..") Thus this court cannot adequately analyze and analogize *Schetzen* in the context of the present case.

Defendant further argues that because he intentionally engaged in offensive bodily contact with plaintiff, even if he did not intend to cause plaintiff's specific injuries, he would be liable for assault rather than negligence under New York's adoption of the Restatement (Second) of Torts § 16(1). (Def.'s Mem. at 12.) However, like his previous argument, defendant's argument that the Restatement (Second) of Torts § 16(1) shields him from liability under a negligence theory presumes the resolution in his favor of an issue that is in dispute: whether defendant engaged in intentional offensive bodily contact with plaintiff. *Cf. Trott*, 484 N.Y.S.2d at 829 (finding assault occurred where it was undisputed that the defendant intentionally fired a gun to frighten the plaintiff and inadvertently shot him).

As previously discussed, there is a disputed issue of material fact as to whether defendant engaged in intentional offensive bodily contact with plaintiff by striking him with the glass, or whether the act was a reflexive response to the situation. (*Compare* Pl.'s Resp. to Interrogs., No. 3 (Plaintiff states, "I recall that words were exchanged between my group and the other group.  I then recall being hit from behind and I was knocked unconscious.") *with* Def.'s Resp. to Interrogs., No. 3 (Defendant states, "in response to a sudden, unprovoked attack by the plaintiff . . . in self-defense I reflexively struck the

plaintiff with a pint glass I was holding.").)  As plaintiff

argues, the "issue in this case is whether the [d]efendant

intentionally struck Mr. Baker, and not whether he intended to

injure Mr. Baker."  (Pl.'s Mem. at 3 n.3).  Accordingly, because

there is a disputed issue of fact as to whether the defendant

intentionally struck plaintiff, defendant's argument that the

Restatement (Second) of Torts § 16(1) shields him from a

negligence claim is misplaced.

## CONCLUSION

For the foregoing reasons, defendant's motion for

summary judgment is denied.  The parties are ordered to obtain

and exchange revised demands and offers, to engage in good faith

settlement negotiations and to appear for a settlement

conference before Magistrate Judge Go.  By 11/5/10, the parties

shall file a joint letter via ECF regarding the outcome of their

settlement efforts and inform the court whether they plan to

engage in further settlement discussions or whether they intend

to proceed to trial.

**SO ORDERED.**

Dated:  Brooklyn, New York
        September 23, 2010

_____
            /s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York